UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALBERT WILSON,<br><br>    Plaintiff,<br><br>vs.<br><br>AUDREY KING, *et al.*,<br><br>    Defendants. | Case No. 1:14-cv-00063-RRB<br><br>**<u>DISMISSAL ORDER WITH<br>LEAVE TO AMEND</u>** |

Plaintiff William Albert Wilson, a civil detainee for treatment under the California Sex Offender Treatment Program ("SOTP"),[1] is presently in the custody of the California Department of State Hospitals ("DSH"), housed at the Coalinga State Hospital ("CSH"). Wilson brings this action against several state officials under the Civil Rights Act (42 U.S.C. § 1983), the Americans With Disabilities Act ("ADA") (42 U.S.C. §§ 12101, *et seq.*), the Rehabilitation Act ("RA") (29 U.S.C. §§ 701, *et seq.*), and a supplemental claim under the California Disabled Persons Act (Cal. Welfare & Institutions Code §§ 4500, *et seq.*).[2]

---

[1] Calif. Welfare & Inst. Code §§ 6604, 6606.

[2] In addition to Audrey King, Executive Director, Wilson names: Pam Ahlin, former Executive Director; Peggy Thomas, former Program Director; Brian Bowley, Program Director; Barbara Rodriguez, Unit Supervisor; Javier Saldivar, Psychologist; Adam Fogel, Psychologist; Yvonne Gonzales, former Equal Employment Coordinator; Susanna Lopez, Equal Employment Coordinator; James Perez, Equal Employment Manager; Long Mu, ADA Coordinator; James Clark, former Supervisor Central Program Services; John Catano, Acting Chief Central Program Services; Reimi Smith, Central Program Services Administrator; Baltazar Villarreal, Behavior Specialist, Sex Offender Program; Efrat Mazin, Pyschologist; Helen Sierra, HIPPAA Compliance Officer; and 25 Does.

I.     SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[4] Prisoner *pro se* pleadings are given the benefit of liberal construction.[5] While this Court must liberally construe papers filed by *pro se* parties, *pro se* parties must none-the-less follow the applicable rules of practice and procedure.[6]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

---

[3] 28 U.S.C. § 1915A(a). The Ninth Circuit has applied this requirement to civil detainees. See *Williams v. Coleman*, 536 Fed. Appx. 694 (9th Cir. 2013).

[4] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); see *Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[5] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

[6] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (overruled in part on other grounds in *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc)).

[7] Fed. R. Civ. P. 8(a)(2).

accusation."[8]  Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[9]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[10]  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11]  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[12] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[13]

///

///

///

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[9] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[10] *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[11] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[12] *Id.*

[13] *Id.* (quoting *Twombly*, 550 U.S. at 555).

## II.     GRAVAMEN OF THE COMPLAINT

Wilson is a developmentally-disabled person suffering from a brain abnormality that limits his learning ability and functionality to approximately the second-grade level.[14]  As a result, Wilson alleges that in the absence of adequate assistance he is denied access to information, including:  posted information on bulletin boards; menus; emergency exit information; Wellness and Recovery Progress Team Reports; assigned SOTP homework assignments; and SOTP treatment manuals/books.

At the heart of this case is whether or not Wilson is provided sufficient assistance for him to successfully complete the SOTP.  Reduced to its essence Wilson's complaint is that:  (1) denial of a qualified assistance to assist him in reading; (2) failure to provide a reliable, functional tape recorder; (3) failure to provide adequate cassette tapes to retain recorded information; (4) failure to transcribe his written class work materials onto audio tapes/CDs; (5) failure to properly install and maintain computer software; and (6) failure to provide a sound-proof private area within which Wilson could utilize audio equipment. Although it is not entirely clear from the Complaint, Wilson appears to contend that, while DSH and CSH ostensibly have adequate written policies in place, the actual customs and practices of the Defendants effectively deny him the benefit of those services.

Wilson seeks:  (1) declaratory and injunctive relief; (2) compensatory damages; and (3) punitive damages.

---

[14] The Court notes that Wilson's Complaint was prepared with the assistance of two other detainees.  Wilson attests that, before signing the Complaint, it was read and explained to him, and that the document correctly reflects the facts as known to him.

## III.   DISCUSSION

To the extent it is founded on Federal law, this case invokes the basic premise that the Constitution "requires states to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released."[15] "Adequate and effective treatment is constitutionally required because, absent treatment, appellants could be held indefinitely as a result of their mental illness . . .."[16]  As the Supreme Court held more than a half-century ago:

> (I)nvoluntary confinement for the "status" of having a mental or physical illness or disorder constitutes a violation of the cruel and unusual punishment clauses of both the state and federal Constitutions . . . unless it is accompanied by adequate treatment.[17]

Complicating resolution of this case in this Court is the existence of a Resolution Agreement dated June 11, 2007 ("2007-RA"), which appears to have been accepted by Wilson.  It is unclear whether Wilson is seeking to compel Defendants to comply with the 2007-RA, a specific performance action founded in contract; or is alleging that the 2007-RA is inadequate.  If Wilson seeks to enforce that agreement, that controversy involves purely questions of contract, a State law issue, not a violation of Federal law within the purview of the limited jurisdiction of this Court.  On the other hand, to the extent that Wilson challenges the adequacy of that agreement under Federal law, his action may fall outside the applicable limitation period.  "For actions under 42 U.S.C. § 1983, courts apply the

---

[15] *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000) (citing *Ohlinger v. Watson*, 652 F.2d 775, 778 (9th Cir. 1980)

[16] *Id.* (quoting *Ohlinger*).

[17] *Robinson v. California*, 370 U.S. 660, 665–67 (1962).

forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."[18] California law provides a two-year statute of limitations for personal injury claims, which may be tolled for an additional two years for prisoners.[19] The same rule applies to actions brought under the RA.[20] For actions brought under the ADA, this Court applies the California three-year limitation period.[21] Thus, unless tolled under California law, Wilson's claims may be barred by the applicable statute of limitations.

In addition, Federal civil rights suits do not support vicarious liability, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or her rights.[22] To impose liability, a defendant's wrongful conduct must be sufficiently causally connected to the constitutional violation.[23] That is, the official must "implement a policy so

---

[18] *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

[19] *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a).

[20] *See Ervine v. Desert View Regional Medical Ctr.*, 753 F3d 862, 869 (9th Cir. 2014) (applying Nevada's two-year limitation period).

[21] *Sharkey v. O'Neal*, — F.3d — (2015WL525488, 9th Cir. Feb. 10, 2015 (*slip op.*)) (applying Calif. Gov. Code § 11135).

[22] *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691–95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (Citations omitted)).

[23] *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (*abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994)).

deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[24]

> A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978) (*Johnson*) (emphasis added). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. [Citations omitted.][25]

Likewise, generally subordinates cannot be held legally liable for actions taken at the direction of, or in carrying out policy dictated by, superiors. In this case it is apparent from the Complaint as drafted that several defendants were merely carrying out policy or directions dictated by superiors.

As presently drafted the Complaint is legally insufficient. Although it may be unlikely, the Court cannot say at this stage that Wilson cannot plead a viable Federal claim in this Court.[26] Accordingly, the Court will grant Wilson the opportunity to either file an Amended Complaint in this Court, or elect to pursue his appropriate remedy(ies) under state law in State court.

---

[24] *Id.* (internal quotation marks and citations omitted).

[25] *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoted with approval in *Tennison v. City and County of San Francisco*., 570 F.3d 1078, 1096 (9th Cir. 2009)).

[26] *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless amendment would be futile).

Should Wilson elect to pursue his Federal law claims in this Court, in drafting his amended complaint Wilson should:

1.   Adhere to the Federal Rules of Civil Procedure regarding pleadings, in particular, Rule 8(a), which provides—

> (a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
>     (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>     (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>     (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

2.   Contain sequentially numbered paragraphs; and

3.   Have attached thereto copies of all documents or papers referred to in the complaint to the extent that he has copies in his possession, custody, or control, including the Resolution Agreement dated June 11, 2007.

## IV.   ORDER

Accordingly, the Complaint on file herein is hereby **DISMISSED**, without prejudice to pursing appropriate remedies in State court or filing an Amended Complaint in this Court.

In the event Plaintiff elects to continue to pursue his claims in this Court, he has through and including **May 11, 2015**, within which to file an Amended Complaint consistent with this decision.  **In the event Plaintiff fails to file an amended complaint within the**

**time specified, or such later time as the Court may order, a judgment of dismissal without prejudice may be entered without further notice.**

      **IT IS SO ORDERED** this 6th day of March, 2015.

                                      S/ RALPH R. BEISTLINE
                                      UNITED STATES DISTRICT JUDGE