UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALBERT WILSON,<br><br>    Plaintiff,<br><br>vs.<br><br>AUDREY KING, *et al.*,<br><br>    Defendants. | Case No. 1:14-cv-00063-RRB<br><br>**ORDER DENYING REQUEST FOR<br>TEMPORARY RESTRAINING ORDER** |

I.   **PENDING MOTION**

At **Docket 11** Plaintiff William Albert Wilson, a civil detainee for treatment under the California Sex Offender Treatment Program ("SOTP"),[1] has filed an Ex Parte Motion Requesting the Court Order Injunctive Relief Denying Department of State Hospitals-Coalinga From Transferring Plaintiff From His Unit. Wilson requests this Court enjoin CSH from moving him from his current housing in the Residential Housing Unit ("RHU") to an Intermediate Care Facility ("ICF").

Wilson is in the custody of the California Department of State Hospitals ("DSH"), housed at the Coalinga State Hospital ("CSH"). Wilson brings this action against several state officials under the Civil Rights Act (42 U.S.C. § 1983), the Americans With Disabilities Act ("ADA") (42 U.S.C. §§ 12101, *et seq.*), the Rehabilitation Act ("RA") (29 U.S.C. §§ 701,

---

[1] Calif. Welfare & Inst. Code §§ 6604, 6606.

*et seq.*), and a supplemental claim under the California Disabled Persons Act (Cal. Welfare & Institutions Code §§ 4500, *et seq.*).[2]

## II.     BACKGROUND

Pending before this Court at Docket 10 is Wilson's First Amended Complaint ("FAC") filed with leave of court.[3] This Court has not yet screened the FAC as required by statute.[4] Accordingly, as Wilson correctly notes, no Defendant has yet been served in this action.

Wilson is a developmentally-disabled person suffering from a brain abnormality that limits his learning ability and functionality to approximately the second-grade level.[5] As a result, Wilson alleges that in the absence of adequate assistance he is denied access to information, including: posted information on bulletin boards; menus; emergency exit information; Wellness and Recovery Progress Team Reports; assigned SOTP homework assignments; and SOTP treatment manuals/books.

At the heart of this case is whether or not Wilson is provided sufficient assistance for him to successfully complete the SOTP. Reduced to its essence Wilson's complaint is

---

[2] In addition to Audrey King, Executive Director, Wilson names 16 additional individuals employed or formerly employed by the DSH at CSH.

[3] *See* Order at Docket 7.

[4] 28 U.S.C. § 1915A(a). The Ninth Circuit has applied this requirement to civil detainees. *See Williams v. Coleman*, 536 Fed. Appx. 694 (9th Cir. 2013).

[5] The Court notes that Wilson's Motion as well as his First Amended Complaint was prepared with the assistance of another detainee. Wilson attests that, before signing the Motion, it was read and explained to him, and that the document correctly reflects the facts as known to him.

that: (1) denial of a qualified assistance to assist him in reading; (2) failure to provide a reliable, functional tape recorder; (3) failure to provide adequate cassette tapes to retain recorded information; (4) failure to transcribe his written class work materials onto audio tapes/CDs; (5) failure to properly install and maintain computer software; and (6) failure to provide a sound-proof private area within which Wilson could utilize audio equipment. Although it is not entirely clear from the Complaint, Wilson appears to contend that, while DSH and CSH ostensibly have adequate written policies in place, the actual customs and practices of the Defendants effectively deny him the benefit of those services.

Wilson seeks: (1) declaratory and injunctive relief; (2) compensatory damages; and (3) punitive damages.

## III.   APPLICABLE STANDARD

The Court can issue a preliminary injunction only on notice to the adverse party.[6] It may, however, under certain circumstances issue a Temporary Restraining Order ("TRO") without prior notice.

> (b) TEMPORARY RESTRAINING ORDER.
> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>    (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>    (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
> (2) *Contents; Expiration.* Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order

---

[6] Fed. R. Civ. P. 65(a)(1).

expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.[7]

The Ninth Circuit, by which this Court is bound, has stated:

> The Ninth Circuit has described two sets of criteria for preliminary injunctive relief. Under the traditional criteria, a plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). Alternatively, a court may grant the injunction if the plaintiff demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in his favor. These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the greater the relative hardship to [the party seeking the preliminary injunction,] the less probability of success must be shown.[8]

This Court must apply the foregoing criteria to Wilson's pending motion.

## IV. DISCUSSION

Measured against the standards the Court must apply, Wilson's motion fails to provide a sufficient basis for this Court to grant him either a TRO or a preliminary injunction. Initially, the rules preclude granting a preliminary injunction in the absence of notice to the defendants. This, as Wilson acknowledges, has not occurred and cannot occur as service has not been made on them; which cannot occur until after the Court screens the FAC. Furthermore, although the Court could grant a TRO without prior notice,

---

[7] Fed. R. Civ. P. 65.

[8] *Earth Island Inst. v. U. S. Forest Service*, 351 F.3d 1291, 1297–98 (9th Cir. 2003) (internal quotation marks and citations omitted).

as a practical matter the time limitations on a TRO render relief essentially ineffective because it would expire long before a hearing on a preliminary injunction could be held.

To prevail Wilson must establish two elements: (1) a reasonable probability that he will prevail on the merits on the underlying complaint; and (2) irreparable injury.[9] In dismissing Wilson's Complaint the Court granted Wilson leave to file an amended complaint, but also noting that it was unlikely that he could plead a viable claim. Even assuming that the FAC survives screening,[10] Wilson falls short on the second essential element: an irreparable injury.

The basis for Wilson's motion is basically twofold: (1) the proposed move from the RHU to the ICF is in retaliation for the filing of this action; and (2) the move would separate him from his legally married partner. Neither supports the granting of a TRO.

Wilson's allegation of a retaliatory motive is based solely upon supposition. The gist of Wilson's underlying Complaint is that he is receiving inadequate care while housed in the RHU. In his motion Wilson "opines" that the move to an ICF does not guarantee that his needs will be met, i.e., that the allegedly higher level of care at the ICF does not exist. This Court cannot grant extraordinary relief in the form of an injunction based upon Wilson's decidedly unqualified opinion as to the level of care provided. Even if Wilson's opinion were true, it does not warrant this Court interfering with the decision of the State

---

[9] In so doing, the Court assumes without deciding that the other two elements—balancing of the hardships and public interest—weigh in Wilson's favor or are neutral.

[10] The FAC consists of more than 100 pages, to which is attached over 550 pages of exhibits.

officials concerning the place of housing based upon some vague, conclusory allegation that it had a retaliatory basis.[11]

While separation from his legally married partner may indeed cause Wilson a degree of anguish, it is common knowledge that the very fact of incarceration itself often results in the separation of married couples, which does not give rise to a claim cognizable in this Court.[12] Wilson's separation from his marital partner simply does not rise to the level of "irreparable injury" sufficient to support injunctive relief.

## V.    ORDER

Accordingly, Plaintiff's Ex Parte Motion Requesting the Court Order Injunctive Relief Denying Department of State Hospitals-Coalinga From Transferring Plaintiff From His Unit at **Docket 11** is **DENIED** without prejudice.

**IT IS SO ORDERED** this 17th day of July, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[11] *See Meachum v. Fano*, 427 U.S. 215, 224 (1976) (no constitutional right to be housed "in any particular prison").

[12] *See Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002) (en banc) ("[I]t is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits.")