UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALBERT WILSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF STATE<br>HOSPITALS – COALINGA, *et al.*,<br><br>                    Defendants. | Case No. 1:14-cv-00063-RRB<br><br>**ORDER DISMISSING<br>THIRD AMENDED COMPLAINT** |

At **Docket 26** Plaintiff William Albert Wilson, a civil detainee for treatment under the California Sex Offender Treatment Program ("SOTP"),[1] filed his Third Amended Complaint ("TAC") with leave of court.[2]  Wilson is in the custody of the California Department of State Hospitals ("DSH"), housed at the Coalinga State Hospital ("DSH-C").   Wilson brings this action against DSH-C and several state officials under the Civil Rights Act (42 U.S.C. § 1983), the Americans with Disabilities Act ("ADA") (42 U.S.C. §§ 12101, *et seq.*), the Rehabilitation Act ("RA") (29 U.S.C. §§ 701, *et seq.*), and a supplemental claim under the Unruh Civil Rights Act (Cal. Civil Code § 51).[3]

---

[1]  Calif. Welfare & Inst. Code §§ 6604, 6606.

[2]  Prior Orders at Dockets 7, 13, 25.

[3]  In addition to the Department of State Hospitals–Coalinga, Wilson names:  Audrey King, Executive Director, Pam Ahlin, former Executive Director; Barbara Rodriguez, former Unit Supervisor; Reimi Smith, former Central Program Administrator, Mall Director; and Efrat Mazin, Pys.D., Sex Offender Treatment Facilitator.

## I.   SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity,[4] including complaints brought by civil detainees.[5]   In screening the amended complaint the Court apples the same standards as were applied to the original Complaint.   Those standards are set forth in the Court's initial Dismissal Order and need not be repeated here.

## II.   GRAVAMEN OF COMPLAINT

Wilson is a developmentally-disabled person suffering from a brain abnormality that limits his learning ability and functionality to approximately the second-grade level.[6]   As a result, Wilson alleges that in the absence of adequate assistance he is denied access to information, including:   posted information on bulletin boards; Wellness and Recovery Progress Team Reports; assigned SOTP homework assignments; and SOTP treatment manuals/books.

At the heart of this case is whether or not Wilson is provided sufficient assistance for him to successfully complete the SOTP.   Wilson contends that:   (1) he is denied qualified staff assistance to assist him in reading and understanding the materials; (2) is not provided a reliable, functional tape recorder and/or computer system with appropriate

---

[4]  28 U.S.C. § 1915A(a).

[5]  *See Williams v. Coleman*, 536 Fed. Appx. 694 (9th Cir. 2013).

[6]   The Court notes that Wilson's Third Amended Complaint, as were his original, First and Second Amended Complaints, was prepared with the assistance of another detainee.   Wilson attests that, before signing the Third Amended Complaint, it was read and explained to him, and that the document correctly reflects the facts as known to him.

software installed and maintained to enable him to access the materials provided; (3) treatment books, manuals, exercises, class handouts, and homework assignments are not timely transcribed in a manner that permits him to access and hear the material.  Although it is not entirely clear from the Complaint, Wilson appears to contend that, while DSH ostensibly has adequate written policies in place, the actual customs and practices of the Defendants, acting individually and collectively, effectively deny him the benefit of those services.  Consequently, Wilson is unable to complete his treatment, thereby delaying his release.[7]

In his Third Amended Complaint Wilson asserts five separate systemic "violations" against various individual Defendants and one against DSH-C in three claims.  These violations, which occurred over a period spanning Wilson's arrival at DSH-C in 2006 through December 2014 or July 2015,[8] are summarized as follows.

*Claim 1*.   Wilson alleges that, although DSH-C has adequate policies and procedures in place,[9] it lacks adequate personnel, equipment, and materials sufficient to provide him appropriate treatment in a timely manner.  Wilson further alleges that he was

---

[7]  At the time he filed his initial Complaint, Wilson had not completed the second phase of his treatment program.  In his Second Amended Complaint, Wilson alleges that he did complete the second phase and advanced to the third phase at some unspecified date.  Wilson further alleges that he quit the SOTP group in November 2015.

[8]  In the body of the Complaint Wilson refers to the December 2014 date.  In a footnote Wilson contends the violations continued through July 2015.

[9]   Wilson refers to:   Administrative Directive 909 "Discrimination Policy"; Administrative Directive 911 "Disability Discrimination"; and Internal Management Directive 513 "Disability Placement Program–ADA."

denied the same level of assistance as that provided to the deaf/hearing impaired and Spanish speaking patients.

*Claim 2*.  Alleges that as a result of the failure of Defendants Ahlin and King as Executive Directors to properly supervise their subordinates, protect him from mistreatment by their subordinates, and properly implement or enforce internal directives, Wilson was denied the benefits of internal directives intended to provide necessary and appropriate accommodations for his learning disabilities in violation of the Equal Protection Clause, ADA, and RA.

*Claim 3*.  This claim is directed against Reimi Smith, Barbara Rodriguez, and Eftrat Mazin.

*Defendant Smith*.   Wilson alleges that Smith (formerly the Mall Services Director) violated the ADA and RA by failing to:  (1) ensure assigned computers with functioning Dragon Naturally Speaking software were available; (2) provide qualified and competent instructors in the use of the Dragon Naturally Speaking software; and (3) ensure that Wilson's SOTP treatment needs were met and all relevant materials made available to him in audio/digital format.  Wilson contends that because the deaf/hearing impaired were provided with ASL interpreters and Spanish speaking patients with the materials in Spanish, Smith's failures effectively denied him his rights under the Equal Protection Clause.  Wilson further contends that Smith's failures constitute deliberate indifference in violation of the Eighth Amendment.

*Defendant Rodriquez*. Wilson alleges that Rodriguez failed to intervene on Wilson's behalf to ensure that his needs were met.  More specifically, Wilson contends that Rodriguez failed to:  (1) ensure all SOTP and treatment facilitators participated in his WRP Teams; (2) ensure that his documents and materials were converted to audio or digital format; (3) ensure that working tape recorder and tapes were always available for use; (4) enforce the internal directives; (5) failed to protect Wilson from abuses by treatment facilitators; (6) failed to provide him adequate access to the courts in connection with a pending state-court action; and (7) failed to obtain, complete, and send medical forms to the physician's office in connection with knee replacement surgery.

*Defendant Mazin*.  Alleges that Efrat Mazin, his lead core facilitator, disregarded Wilson's complaints that he was unable to complete his homework assignments.  In particular, Wilson alleges that Mazin:  (1) disregarded his difficulties in using the Dragon Natural Speaking program; (2) inferred that Wilson was "faking" his needs; and (3) failed to have critical material transcribed and provided to him in advance.

Wilson seeks:  (1) declaratory and injunctive relief; (2) compensatory damages at the rate of $4,000/day for each violation, or $5,000,000, whichever is greater; and (3) punitive damages of $10,000,000, and $500,000 as against each Defendant, personally.

## III.   DISCUSSION

Reduced to their essence, Wilson's claims are that he is not receiving the treatment to which he is entitled as an individual adjudicated as a sexually violent predator.  Because of this failure to provide him with adequate and appropriate treatment for his disability,

Wilson's confinement under the California SVPA has been unnecessarily prolonged. Wilson contends that the failure to provide him appropriate treatment falls within the parameters of the Civil Rights Act, and violates the ADA and RA.

The Constitution "requires states to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released."[10] "Adequate and effective treatment is constitutionally required because, absent treatment, appellants could be held indefinitely as a result of their mental illness . . .."[11] As the Supreme Court held more than a half-century ago:

> (I)nvoluntary confinement for the "status" of having a mental or physical illness or disorder constitutes a violation of the cruel and unusual punishment clauses of both the state and federal Constitutions . . . unless it is accompanied by adequate treatment.[12]

Initially, the Court notes that Wilson suffers a mental impairment, an inability to read or write at or above the second grade level, that substantially limits one or more of his major life activities, clearly falling within the scope of a "disability" as defined in the ADA and RA.[13]  The Court further notes that with respect to the claims made under the ADA and RA, because the State of California does not enjoy the benefits of the Eleventh Amendment as to those claims, Wilson is not barred from bringing this action against either

---

[10]  *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000) (citing *Ohlinger v. Watson*, 652 F.2d 775, 778 (9th Cir. 1980)).

[11]  *Id.* (quoting *Ohlinger*).

[12]  *Robinson v. California*, 370 U.S. 660, 665–67 (1962).

[13]  42 U.S.C. § 12102(2); *see Olmstead v. I.C.. ex rel. Zimring*, 527 U.S. 581, 589 (1999).

DSH or the individual Defendants in their official capacities.[14]  Nor does the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act[15] apply to an individual who, as has Wilson, has been released from prison.[16]

As noted in its first Order dismissing the Complaint, complicating resolution of this case in this Court is the existence of a Resolution Agreement dated June 11, 2007 ("2007-RA"), which appears to have been accepted by Wilson.   In his FAC, as with his original Complaint, it was unclear the extent to which Wilson sought to compel Defendants to comply with the 2007-RA, a specific performance action founded in contract; or is alleging that the 2007-RA is inadequate.  The Court noted in dismissing the FAC that to the extent that Wilson sought to enforce his contractual rights under the 2007-RA, his entitlement to relief is exclusively a matter of state law, not within the purview of the jurisdiction of this Court.[17]  The Court also noted:

> In further amending his complaint Wilson should clearly indicate the extent to which he contends that the act(s) of each Defendant *both* (1) falls outside the scope of the 2007-RA *and* (2) violates some right arising under Federal law or the Constitution.  *In short, if compliance with the 2007-RA would*

---

[14]  *See Clark v. State of Calif.*, 123 F.3d 1267, 1269–71 (9th Cir. 1997).

[15]  42 U.S.C. § 1997e(a).

[16]  *Talamantes v. Leyva*, 575 F.3d 1021, 1023–24 (9th Cir. 2009) (citing *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (the PLRA does not apply to individuals civilly committed under the California Sexually Violent Predators Act)).

[17]  Docket 13, p. 11 (citing *Aladdin Hotel Corp. v. Nevada Gaming Comm.*, 637 F.2d 582, 584 (9th Cir. 1980)).

*eliminate all claims Wilson has under Federal law or Constitution Wilson does not have a claim cognizable in this Court.*[18]

The Court further noted:

> With respect to his remaining claims, as noted above, as presently drafted neither the Court nor any of the named Defendant can determine the extent to which Wilson seeks to enforce the terms of the 2007-RA and the extent to which he seeks relief under Federal law independent of the 2007-RA.  That is, Wilson has failed to allege facts entitling him to any relief under Federal law *in addition to* that which he would receive if the 2007-RA were enforced.  As this Court noted in dismissing the Complaint, to the extent that Wilson seeks to enforce the 2007-RA his appropriate remedy is a specific enforcement action in the California state courts.[19]

In his Second Amended Complaint ("SAC") Wilson contended that the 2007-RA was not a "contract" and that none of his claims cite or use the 2007-RA as their basis.  The Court noted that Wilson was incorrect in the contention that the 2007-RA is not a "contract."  As the Court noted, contrary to Wilson's contention, whether or not his claims specifically cite or use the 2007-RA as their basis does *not* eliminate the effect of the 2007-RA on this action.  That is, if the act complained of is covered by the 2007-RA, it falls within its scope and the appropriate remedy is enforcement of the 2007-RA in the state courts, not an independent action in this Court.  Furthermore,  the SAC was inconsistent in this respect.  Specifically, Wilson alleged:

> Plaintiff avers that due to the diligence of his friends and fellow patients, he was able to have the United States Department of Health & Human Services, Office of Civil Rights, compel the Department of State Hospitals to enter into an agreement identified as the Resolution Agreement of 2007 (RA-2007), which guaranteed that aid, accommodations, benefits

---

[18]  *Id.* (emphasis in the original).

[19]  *Id.*, p. 14.

and  services would be provided Plaintiff to ensure that Plaintiff could participate on an equal footing with his peers.  This RA-2007 received lip service by Department of State Hospitals-Coalinga (Coalinga) and Defendants and was never fully implemented.  As such, Plaintiff was denied the very aid and services promised.[20]

This very allegation, if true, completely eliminated any basis for asserting the jurisdiction of this Court.

As noted in the Order dismissing the FAC, also potentially complicating this matter is the existence of a civil action filed in the Fresno County Superior Court, *William Wilson v. Audrey King*, Case No. 12CECG03490, referred to in Wilson's FAC,[21] but omitted from his SAC.  Wilson was again cautioned that to the extent he raised, or could have raised, the same claims in his state-court action as he raises in this action, his action in this Court may be barred by the doctrine of another action pending or, if that action has concluded, by the doctrine of res judicata.[22]

---

[20]  Docket 24, p. 2.

[21]  Docket 10, ¶¶ 249–50 (p. 68) and Exh. 48 (pp. 479–83).

[22]  See *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81 (1984) (in § 1983 actions, a federal court must apply the *res judicata* law of the state in which the judgment was entered); *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles,* 126 Cal. App.4th 1180, 24 Cal. Rptr.3d 543, 557–58 (2004) (California's doctrine of "[r]es judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated" when, among other things, both actions involve the same "primary right"); *see also Dyson v. Cal. State Pers. Bd.,* 213 Cal. App.3d 711, 262 Cal. Rptr. 112, 118–20 (1989) (discussing privity requirement and explaining that "agents of the same government are in privity with each other, since they represent not their own rights but the right of the government" (citation and internal quotation marks omitted)).

In preparing and filing his Second Amended Complaint Wilson failed to adhere to the specific instructions given by the Court.  Thus, this action was subject to dismissal.[23] Nonetheless, the Court granted Wilson an additional opportunity to amend his complaint to the extent such amendment was consistent with the Court's orders.  Alternatively, the Court allowed Wilson to elect to pursue his appropriate remedy under state law in the California state courts.  Wilson was cautioned that continuing to pursue this action as presently constituted without filing an action in the appropriate California state court creates a significant risk that whatever remedy he may have with respect to the Resolution Agreement under California law may be lost.

In dismissing the SAC the Court specifically ordered Wilson to:  "Attach copies of *all* documents referred to in the body of the complaint, ***including the Resolution Agreement of 2007 (2007-RA)***, to the extent that copies of such documents are within his possession, custody, or control."[24]  Wilson has disregarded that instruction.[25]  The Order also warned Wilson that the failure to file an amended complaint consistent with the Order could result in a judgment of dismissal without further notice.

---

[23]  Fed. R. Civ. P. 41(b); *see Yourish v. California Amplifier*, 191 F.3d 983, 986–87 (9th Cir. 1999).

[24]  Docket 25, p. 11, ¶ 6 (emphasis in the original).

[25]  Instead, Wilson simply concludes that each of the violations fall outside of the scope of the RA-2007, ostensibly because each is identified as a Constitutional violation. Docket 26, ¶ 50, p. 12; ¶ 53, p. 13; and ¶ 68, p. 17.

The attachments to the Third Amended Complaints clearly show that the heart of Wilson's action is that the terms of the 2007-RA are not being adhered to.  In particular in Wilson's Complaints to Executive Director and the California Office of Patients' Rights.

In his Complaint to the Executive Director, Wilson contended:

> I respectfully request that you, upon receipt of this letter or at least one of your agents, take the time to investigate my claim found in this complaint and when proved true, compel your subordinate professional staff to adhere to the Resolution Agreement of 2007 and see that all my SOTP treatment written materials are transcribed into a format that I can utilize such as *Dragon Naturally Speaking* software digital format or at the very least onto audio cassette tape(s). Until such time as this is done, you and by extension Coalinga State Hospital, are denying me the aid, accommodations and assistance necessary for me to participate *on and equal footing with my peers* in all phases of life here at CSH.  This is a serious violation of my rights pursuant to Title 11, Americans with Disability Act ("ADA") and the California Disabled Persons Act ("CRIPA").[26]

In his subsequent complaint to the Office of Patients' Rights:

> Because I cannot read or write on *a* level with my peers and due to the failure of CSH in providing me with accommodations, aids and assistance, a Resolution Agreement was entered into in June 2007 (2007-RA).  In that agreement, it was agreed that all written materials from my SOTP and other treatment classes would be transcribed into audio or electronic format.  The latter, electronic format, was to have written materials "scanned" into a computer, put through an Optical Character Recognition (OCR) software program and provided to me on a thumb drive for use on Microsoft software which could read it to me. Later, when *Dragon Naturally Speaking"'* software (Dragon Speak), was introduced into the institution, I was promised ad nauseam that *all written materials* would be made compliant with Dragon Speak.  This has never been done!  Compounding matters, I have filed numerous complaints concerning this issue and other issues related to the

---

[26]  Exhibit 5 "Executive Director Review—Patients' Right Complaint SR#1004884," addressed to Audrey King, dtd January 16, 2014 (emphasis in the original) [Docket 26-1, p. 38].

2007-RA and receive responses which are either non sequitur or direct me back to my WRP Team which had already failed to correct the problem.[27]

In this case, despite having been given three opportunities to amend his complaint to explain the extent to which enforcement of the 2007-RA would not satisfy his claims, other than the bare conclusory statement that his claims fall outside the 2007-RA, Wilson has failed to comply with the Court's instructions.   Indeed, contrary to the explicit instructions of the Court, in his TAC Wilson does not attach a copy of the 2007-RA.[28]

Leave to amend should be "freely given when justice so requires."[29]   Leave to amend a complaint should be freely given in the absence of any apparent or declared reasons such as  repeated failure to cure deficiencies by amendments previously allowed or futility of amendment.[30]  It is apparent that Wilson does not and cannot truthfully plead any set of facts that would constitute a violation of the Constitution or otherwise applicable Federal law that would not be satisfied by enforcement of the 2007-RA, consequently any further amendment to plead a viable action under Federal law would be futile.  As the Court

---

[27]   *Id.*, "Dissatisfaction With Executive Director Response—PRA Service No. 1004884," addressed to the California Office of Patients' Rights, dtd April 22, 2014 [Docket 26-1, p. 42].

[28]   The Court also notes with displeasure that in each of his three amended complaints Wilson has attempted to avoid defects in his prior complaint by simply omitting the defective allegation.

[29]   Fed. R. Civ. P. 15(a).

[30]   *Foman v. Davis*, 371 U.S. 178, 182 (1962); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006).

has explained, the enforcement of this agreement is a matter of California, not Federal,

law.  The Court declines to exercise its supplemental jurisdiction over the state law claim.[31]

## IV.    ORDER

The Third Amended Complaint filed herein is hereby **DISMISSED** without prejudice

to seeking appropriate relief under California law in the appropriate California state court.

The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED** this 6th day of July, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[31] "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . .."  28 U.S.C. § 1367(c).

ORDER DISMISSING THIRD AMENDED COMPLAINT
*Wilson v. King*, 1:14-cv-00063-RRB – 13